UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT BARTON** | **CIVIL ACTION NO. 3:12-cv-2700** |
|     **LA. DOC # 448824** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **RIVER BEND DETENTION** | |
| **CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Robert Barton, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 15, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC). He is incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana. He sued the RBDC, its warden, Alvin Jones, and the prison's "medical staff" seeking a transfer to Hunt Correctional Center and refunds for money he paid for sick call at RBDC. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of the LDOC. On June 28, 2012, he was transferred from the Franklin Parish Detention Center to RBDC. Upon his arrival, he was interviewed and examined by the RBDC medical department. He advised that he suffered from chronic Hepatitis C and was in need of interferon injections. Plaintiff supplied the name of his treating physician.

Plaintiff was advised that the administration would not pay for interferon injections. Between June 28, 2012, and October 15, 2012, plaintiff submitted seven sick calls requesting examination by a liver doctor or a copy of his treating physician's file. His requests were denied.

In his amended complaint, plaintiff claimed that he received the Hepatitis - C diagnosis in 2010. He claimed that he was diagnosed with the condition by Dr. Hussian of the LSU Medical Center in Bogalusa, Louisiana. He claimed that this diagnosis was received prior to the date of his incarceration and that the physician "recommended that he start interferon shots to treat my Hepatitis - C ..." and, that "Dr. Hussian had me set up to start my interferon shots" before plaintiff was incarcerated. According to plaintiff he is serving a "flat" 10 year sentence, presumably without benefit of good time or parole, and his scheduled release date is January 11, 2022. It therefore appears that he was initially incarcerated 10 years before that date, or January 2012. As noted in his original complaint, he was transferred to RBDC in June 2012. He did not claim to have received the interferon injections between 2010 when he was diagnosed and January 2012 when he was incarcerated.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v.*

*Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint and amended complaint, while short on factual support, adequately set forth his claim for relief; further amendment is not necessary.

## 2. The Defendants

Plaintiff has sued the RBDC, its "Medical Staff", and, Warden Jones. Plaintiff has sued the Warden, but he has alleged no fault on the part of this defendant other than statements he claimed were made by others; it appears that he has sued the warden in his supervisory capacity. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, having alleged no fault on his part, plaintiff fails to state a claim for which relief may be granted with respect to Warden Jones.

Plaintiff has also sued RBDC and its "medical staff." Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a corrections facility or a department within the entity has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the

Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  Neither RBDC nor the RBDC "Medical Staff" are juridical persons and therefore plaintiff's complaint fails to state a claim for which relief may be granted.

### 3. Relief Requested

Plaintiff requests only a refund of money spent for sick calls and for his transfer to another prison.

Plaintiff is an inmate in the custody of the LDOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold  that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.

*Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution, and, logically, they have no liberty interest in being held in any particular part of the facility to which they have been committed. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

Plaintiff's request for reimbursement for medical expenses paid at RBDC is unrelated to his claim that he is being denied treatment for his pre-existing medical condition.

*4. Medical Care*

The gravamen of plaintiff's complaint is that the defendants have denied him appropriate care and treatment for Hepatitis - C. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*,

429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. As a matter of fact, it is manifestly obvious that plaintiff simply disagrees with the decisions of the health care professionals who were responsible for his treatment. Plaintiff's disagreement with their treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Furthermore, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifference standard, it is not sufficient that defendants should have known of a substantial risk; they must have had actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded

7

an <u>excessive risk</u> of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed,</u> <u>and that they drew that inference</u>. *Id.* at 837.

Despite having been ordered to do so, plaintiff has not provided a description of the injury or harm he sustained as a result of the allegedly unconstitutional acts of the defendants. According to the Veteran's Administration, many doctors recommend lifestyle changes and "watchful waiting" instead of immediate drug therapy.[1] This appears to be the treatment choice made by the defendants. Furthermore, as noted above, plaintiff was apparently in the "free world" for a period of time between the date he received the diagnosis and the date he entered into custody; nevertheless, it does not appear that he availed himself of treatment during that period.

In short, plaintiff's failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint as frivolous and for failing to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

---

[1] See http://www.hepatitis.va.gov/patient/treat/single-page.asp

8

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 9, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE